case number 21-5168 thomas a montgomery and beth w montgomery appellants versus internal revenue service miss boyland for the appellants miss bringer for the appellate miss boyland good morning good morning judge henderson proceed please thank you and may it please the court this case is about the montgomery's right to receive responses to their FOIA requests that comply with the law FOIA exemptions are to be narrowly construed yet with respect to requests one through five and exemption 7d the district court held that the IRS must assert glomar in all situations where an informant is involved the district court made clear this was required even in a first party request even if the identity of an informant is not actually at risk even though the non-existence of records does not implicate a harm cognizable under exemption 7d and even if there are in fact no responsive records FOIA mandates broad disclosure and no exemption supports the wholesale withholding of all information from a first party requester based on speculation that a response may indicate that 7d make this clear 7d by its express language protects only the identity of an informant and after landano the agency must establish it to establish assurances were provided to a particular informant and those assurances must be established publicly in order to enable the requester to challenge the claimed exemption following landano assurances of confidentiality confidentiality cannot be assumed the district court further aired here and allowing the IRS to make its case entirely in secret in-camera declarations as to both whether an informant in fact exists and if so whether there were specific assurances given to that informant 7d is not available to protect the potential existence of an informant congress did provide an exemption that would allow what irs seeks here which is to protect the mere existence of an informant through glomar and that exemption is c2 which the irs admits is not applicable here benavides established that c2 expressly authorizes glomar but this exemption like all FOIA exemptions is very limited glomar under c2 is proper only where there is a third party request that identifies the informant by name or identification number and the informant's existence has not been previously disclosed the limitation of c2 for only third party requests makes sense antonelli a seventh circuit case explain the difference between first and third party requests it's about balancing the rights of the requester versus the rights of the informant in a third party request where the informant is either admits or denies that informant's existence redacting the person's name fails to protect whether that person is or is not an informant in a first party request such as the montgomery's the identity of an informant can be withheld if allowed to stand the district court's opinion has effectively enacted a new FOIA exemption that authorizes any agency to assert glomar whenever potential informant is involved even in a first party request according to the district court potential speculative harm is all that the agency needs to allege and that speculative harm doesn't even have to relate directly to the FOIA request an issue this violates FOIA and the district court's opinion should be reversed for this reason alone the facts of the montgomery's case further demonstrate the district court's error the irs claims in its brief that it has to be able to protect every piece of the jigsaw puzzle that could potentially identify a confidential source but irs informants were at issue in life extension and millhouse and there the irs not only confirmed the existence of informants and records but didn't even assert glomar these two cases were cited by district court but they're not even mentioned in the irs's brief the irs did assert glomar and sea shepherd and made a similar jigsaw puzzle argument there that failed the irs brief tries to distinguish that case by saying there were unique circumstances given that the irs had previously admitted the existence of an informant and responsive records basically because the cat was already out of the bag a response it didn't undercut its jigsaw puzzle argument but the same as sea shepherd just in reverse the irs brief confirms it's no informant admission and the irs's ziegler declaration unequivocally swears at ja335 that mr ziegler saw quote no indication that any responsive records had been located including to requested items one to five close quote if the jigsaw puzzle isn't at risk where the irs admits there is an informant and responsive records the jigsaw puzzle likewise can't be at risk where the irs admits there is neither an informant nor responsive records further because the irs admits that it for there to be a confidential source as required by 7d because a confidential source is merely a subset of the broader category of source without even the possibility of a confidential source there is no basis for a glomar response under 7d a glomar response here can't be proper for as well and this case is particularly egregious requests one through five seek pre-printed publicly available irs forms that are not protected by any foia exemption mr and mrs montgomery's names are not protected when the montgomery's filed the foia request if the requested irs forms naming the montgomery's somehow exist in spite of the irs is no informant and no document acknowledgements then at the very least those must be produced the irs also claimed glomar based on exemptions 70 and three it made one argument for those it's very effective whistleblower program will somehow be damaged and tax administration seriously impaired yes let me ask in cases where there is no informant and no records of an informant do you think that the irs can issue a glomar response i think in a third party request situation yes i think that's what c2 allows for in a first party request i do not think that that's the case and there has been no first party foia request that we have found under 7d where a glomar response has been allowed for a first party request and by first party you mean when the word only names the montgomery's in our instance the montgomery's did not name any informant by identification number or by name well if if a conspiracy only has two people and one of them is the defendant in a criminal case if it's the practice of the agency to not issue a glomar response when there's no informant and no records of an informant then the defendant could always seek a foia request seeking documents about an informant and records of an informant and if the agency says um uh glomar glomar thanks thank you judge then the defendant is going to know that there was an informant and the defendant is going to know who the informant was because there's only one possible informant i don't believe that's the case your honor i think that is based on speculation no one knows if the informant exists or who it is unless the agency confirms that information they may wonder the hypothetical you just heard is it speculative at all if you've got a circumstance in which there is a limited number of conspirators and they are able to surmise that there is an informant then they know the informant is or at least they can narrow it down they may they can narrow it down that's not hypothesis that's not speculation that's understanding of humanity and numbers that's well they may be able to narrow it down your honor but foia exemptions are supposed to be narrowly construed and it protects the identity and there's no telling how many people that other co-conspirator may have spoken to or divulged information they're narrowly construed as a nice general rule but they still have to be construed and that the saying narrowly doesn't answer the question it just gives you a guide as to how you go at it but if if the hypothetical exists that was posed to you why do you say that's speculative everybody knows that that would be endangering the identity of the informant that i i see i see i'm into my rebuttal time i assume you'd like me to continue answering no that's okay that's okay judge gentile do you want her to answer it no that's okay oh all right just let it go all right uh this one we'll give you a minute or so in reply um miss bringer good morning good morning and may it please the court my name is nora bringer and i represent the internal thomas and beth montgomery actively participated in creating and carrying out the tax shelters that were held to be shams in beemont and southgate which held invalid more than a billion dollars in sham losses that background of this foyer dispute shows the stakes can be high for tax violations and when people contact the irs to share information about potential tax violations the irs has a responsibility and a duty to protect them the irs like other federal law enforcement agencies has a strong interest expressed in its policies in treasury regulations and in declarations submitted in this case in protecting whistleblowers confidentiality and in protecting the continued voluntary flow of information to the irs which are exactly the kinds of concerns that prompted congress to expand exemption 70s protection in 1986 the montgomery's raise a number of issues in their appeal and i'd like to begin with the glomar issue as an initial matter there's no procedural bar to the glomar response the court findings and the irs testimony in beemont and southgate do not preclude the glomar assertion here through collateral estoppel judicial estoppel or the official acknowledgement doctrine the core problem with each of these arguments is that this case doesn't concern the same issue as anything considered or decided in beemont or southgate here thomas and beth montgomery want to know if the irs has any of five whistleblower forms for years that reference them regarding any tax issue not just what was at issue in beemont or southgate the district court observed correctly that the existence of records and the existence of an informant in those earlier cases simply aren't the same thing the montgomery's also contend that a mistaken reference in an irs letter during the administrative processing of the montgomery's foyer request was an official acknowledgement but that letter does not meet the requirements for official acknowledgement with this which this court has said are strictly applied that letter specifically did not pinpoint any agency record that both match the plaintiff's request and has been publicly and officially acknowledged by the agency in the wolf versus cia in 2007 this court held that glomar was waived only for specific records that were identified in the congressional testimony at issue here in this case no specific records were identified and accordingly that letter does not overcome the irs's glomar assertion here the district court correctly upheld the glomar response on the merits the same standards apply in glomar cases as in other foyer cases the same general exemption review standards apply to a glomar assertion as would apply to withholding any records themselves and it's the same test that ultimately an agency's justification for invoking a foyer exemption is sufficient if it appears logical or plausible now exemption 7d does not just protect the identity of a confidential informant it protects information that could reasonably be expected to disclose the identity of a confidential source and in enacting exemption 7d this court said in the parker case that congress sought to provide a broad exemption for law enforcement under the act under foya now congress adopted the language in exemption 7d explicitly from the protection that the national security sources and the accompanying senate report to that expansion of exemption 7d recognize that a confidential source's identity can be compromised when these small pieces of information are released and pieced together with other previously released knowledge and the requester's own personal knowledge the confidential source exemption under 7d does not require complete and permanent secrecy the supreme court rejected this argument in the londono case the court explained that it can't have been congress's intent that a source would be considered confidential for exemption 7d only if their identity would be disclosed to no one there certainly are cases where the identity of a confidential source is disclosed but that has not been the case here here the internal revenue service has not disclosed the existence or non-existence of any records that are at issue in items one through five the district court in describing its reasoning for upholding the glomer response echoed this court's discussion of the protection of return information in the tax context in the church of scientology case this court's en banc decision in 1986 in that case in the church of scientology case this court explained that an agency assessment of the risk of disclosure and this is a quote is always problematic because the agency doesn't know what other information the requester has in this case the montgomery specifically seek whistleblower forms that identify them they don't simply seek their own records they seek records of other people who may or may not have talked to the irs about their tax issues but the irs does not know and cannot know with certainty how many people had knowledge of a particular individual's tax issues and whether that list of suspected moles is one person long a few people long or much larger the irs does not know and cannot know what other efforts have been made to identify a suspected whistleblower although the facts in this case demonstrate that there are taxpayers who are very motivated in finding out whether anyone has talked to the irs about them that only illustrates the importance of protecting information that could lead to the identification of any confidential informant and even if one request would not be enough as has been discussed in in a number of FOIA cases a requester could always submit a series of targeted requests to narrow the pool so you know this request covers eight years perhaps a taxpayer worked with one group of financial advisors in a couple of those years in a different group in another couple of years a series of targeted requests could narrow down the group even further uh in trying to identify who may have talked to the irs about an individual taxpayer at the end of the day the district were correctly held that the irs met its burden to provide a logical and plausible explanation for its glomar response and the montgomery's have not provided any evidence to undermine the irs's explanation the district court's decision here is one in a long line of cases that are concerned about that jigsaw puzzle analysis in the gardell's case in 1982 this court used a jigsaw puzzle type analysis to uphold a glomar response with respect to the entirety of the community at ucla even though this court recognized that it was an enormous school in the gardell's case this court was applying FOIA exemption 3 in conjunction with the national security act of 1947 again the source for the current standard and exemption 70 in that case this court held that the affidavits were sufficient that said that the caa needs and uses intelligence sources in american schools and that disclosing that such contacts were or were not made at ucla could be pieced together by people looking to harm the united states here the irs's affidavits did the same thing the declaration submitted to the district court explained that the irs needs and uses whistleblowers and the important information that they share with the agency and the irs explained its concern that disclosing the existence of whistleblower records identifying the montgomery's could be pieced together with other information now here the irs submitted a number of in-camera declarations to the district court the district court this court is held again and again has broad discretion to accept in-camera declarations this recognized in roth and in other cases that receiving in-camera information is necessary to protect the information that the agency is trying to protect from disclosure in the londono case the supreme court said that it generally will be possible to establish factors such as the nature of the crime that was investigated and the sources relation to it but the supreme court also said that to the extent that the government's proof may compromise legitimate interests of course the government can still attempt to meet its burden with in-camera affidavits and accepting the the in-camera submissions of the government here the district court acted very well within its discretion does the court have any questions for me it doesn't look like it so thank you thank you very much miss boylan why don't you take two minutes or one minute i see one minute thank you judge henderson this case isn't about tax shelters non-existent sham losses or quote snitches unquote as the district court and the irs seem to believe it's about foy as mandated disclosure except in very limited circumstances that the irs has not established uh miss bringer indicated that the there was no acknowledgement or the acknowledgement of informants was not broad but it was that acknowledgement covered any matter relating or involving tom montgomery they were very broad she also noted gardles and the u and that ucla was identified that's right it was identified there has been no extension of blomar to a first party case like the montgomery's where they only name themselves in the foyer request why does it make any difference if it's a first party case because your honor i think the antonelli court really explained that they said in a third party case where you've named where you've identified an informant and again 7d and 3 the the goal is to protect the identity of the informant not the case the the requester has named the informant either by name or a taxpayer or identification number and in that instance if the if the agency were to say they did or did not have records they have confirmed the identity of that informant or non-informant but they have done that in a first party request they don't the foyer requires they produce as much as possible and with these pre-printed irs forms if they mention the montgomery's if they want to redact so if they're really wanting to protect if they're really wanting to protect the informant there is more reason in a first party case isn't it i don't think so your honor and then why okay never been a first party case upholding a glomer response all right thank you uh thank you your honors that's madam deputy would you please call the next case
judges: Henderson, Walker, Sentelle